IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RIVERBED TECHNOLOGY, INC., | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) **PUBLIC VERSION** |
| | ) |
| | ) C.A. No. 11-484 (RGA) |
| v. | ) |
| | ) |
| SILVER PEAK SYSTEMS, INC., | ) **Confidential Version Filed: May 7, 2014** |
| | ) **Public Version Filed: May 16, 2014** |
| Defendant/Counterclaimant. | ) |

**RIVERBED'S MOTION TO STRIKE THE DECLARATIONS OF
DAVID HUGHES AND DAMON ENNIS OFFERED IN SUPPORT OF
SILVER PEAK'S MOTION FOR A PERMANENT INJUNCTION**

Riverbed Technology, Inc. hereby moves to strike the declarations of David Hughes (D.I. 289) and Damon Ennis (D.I. 291) offered in support of Silver Peak Systems, Inc.'s Post-Trial Motion for Entry of a Permanent Injunction Pursuant to 35 U.S.C. § 283 (D.I. 287). For the reasons that follow and those contained in Riverbed's brief in opposition to Silver Peak's Motion for a Permanent Injunction, the Hughes and Ennis declarations should be stricken as inadmissible hearsay and speculation.

1.   It is well-established that out-of-court statements, offered for the truth of the matter asserted and not subject to a recognized exception, are inadmissible as evidence. Fed. R. Evid. 802. *See also Creo Prods., Inc. v. Presstek, Inc.*, 166 F. Supp. 2d 944, 952-53 (D. Del. 2001) (testimony based on conversations with unidentified "people" and documents not in the record ruled inadmissible as "classic hearsay"); *McLaughlin v. Diamond State Port Corp.*, No. 03-617 (GMS), 2004 U.S. Dist. LEXIS 26351, at *24-26 (D. Del. Dec. 30, 2004) (plaintiff's statements concerning what co-workers told her held inadmissible under Rule 802); *Transportes Aeros Pegaso v. Bell Helicopter Textron, Inc.*, 623 F. Supp. 2d 518, 531-33 (D. Del. 2009)

(striking declarations to the extent they included hearsay statements about conversations between out-of-court declarants for the truth of the matter asserted); *IGT v. Bally Gaming Int'l, Inc.*, 675 F. Supp. 2d 487, 490 n.11 (D. Del. 2009) (pointing to a declaration based on hearsay "to exemplify the evidentiary problems with plaintiff's case").

2. Likewise, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Lay witnesses may provide opinions or explain their inferences, but such statements must be "grounded in observation or other first-hand experience" and cannot be "flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience." *Visser v. Packer Eng'g Assoc.*, 924 F.2d 655 (7th Cir. 1991); *see also* Fed. R. Evid. 701; *IGT*, 675 F. Supp. 2d at 490 n.11 (rejecting declaration "rife with impermissible speculation").

3. Silver Peak relies on the Hughes and Ennis declarations for a host of unsupported factual allegations in its Motion for a Permanent Injunction, 

4.

Mr. Hughes and Mr. Ennis do not purport to have personal knowledge concerning any particular

customer's view of Riverbed, Silver Peak, or the WAN optimization market. Nor do Mr. Hughes and Mr. Ennis purport to have personal knowledge about any specific customer's purchasing decisions.

5.  Rather, Mr. Hughes relies on generalities and does not even suggest that he has personal knowledge of customers' purchasing decisions.

6.

███████

7. The declaration submitted by Mr. Ennis suffers from the same deficiencies. ███████ He does not state that he has personal knowledge about customers' purchasing decisions or the views of competitors in the WAN optimization space.

8. Nevertheless, Mr. Ennis makes a series of statements reflecting his hunches, beliefs, and speculation in an attempt to establish that Silver Peak would suffer harm absent a permanent injunction. ███████

9. ███████ The law, however, requires more. S*ee Praxair, Inc. v. ATMI, Inc.*, 479 F. Supp. 2d 440 (D. Del. 2007) (injunction denied because plaintiff failed to "identify precisely what market share, revenues, and customers" it lost to defendant).

10. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11. In sum, the Hughes and Ennis declarations constitute classic hearsay because they rely on out-of-court statements of unidentified individuals for the truth of the matters asserted. The declarations are also based on speculation about harm Silver Peak has suffered, sales it would have made, and other benefits it would have derived that are entirely lacking in foundation. No permanent injunction should be based on such inadmissible and speculative statements. Indeed, this Court has repeatedly declined to grant injunctions where, as here, the movant failed to adduce sufficient evidence of actual harm. *See, e.g., Advanced Cardiovascular Sys., Inc. v. Medtronic Vascular, Inc.*, 579 F. Supp. 2d 554, 560 (D. Del. 2008) (refusing to grant an injunction because plaintiff "ha[d] not identified any specific customer[] it ha[d] lost, or

[stood] to lose, directly as a result of [defendant's] continued sales of infringing [products]"); *IMX, Inc. v. Lendingtree, LLC*, 469 F. Supp. 2d 203 (D. Del. 2006) (no injunction because plaintiff "put forward no evidence of irreparable harm resulting from defendant's infringement, for example, market or financial data).

For these reasons, and those contained in Riverbed's brief in opposition to Silver Peak's Motion for a Permanent Injunction, Riverbed respectfully requests that the Court strike the Hughes and Ennis declarations.

      MORRIS, NICHOLS, ARSHT & TUNNELL LLP

      */s/ Thomas C. Grimm*
      Thomas C. Grimm (#1098)
      Jeremy A. Tigan (#5239)
      1201 N. Market Street
      P.O. Box 1347
      Wilmington, DE  19899-1347
      (302) 658-9200
      tgrimm@mnat.com
      jtigan@mnat.com
        *Attorneys for Plaintiff/Counterclaim Defendant*
        *Riverbed Technology, Inc.*

OF COUNSEL:

Matthew B. Lehr (#2370)
Gareth DeWalt
Shiwoong Kim
Igor Piryazev
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, CA 94025
(650) 752-2000

May 7, 2014
8223975

## RULE 7.1.1 CERTIFICATION

I hereby certify that counsel for Riverbed raised the subject of the foregoing motion with counsel for Silver Peak, and Silver Peak does not agree to the requested relief.

*/s/ Thomas C. Grimm*
Thomas C. Grimm (#1098)

8223975